## Case No. 9,796.

### In re MORFORD.

[1 Ben. 264;[1] 1 N. B. R. 211; Bankr. Reg. Supp. 46; 6 Int. Rev. Rec. 12; 24 Leg. Int. 220.]

District Court, S. D. New York. July 5, 1867.

PRACTICE IN BANKRUPTCY—AMENDMENT—POWER OF REGISTER.

1. Where a petitioner in bankruptcy applied to the register for leave to amend the schedules attached to his petition, which the register refused, and certified to the court the questions: (1) whether registers had power to allow amendments; and (2) whether, if they had such power, the amendments should be made before the register, and certified copies filed with the clerk, or vice versa. *Held*, that under section 4 of the bankrupt act [of 1867 (14 Stat. 519)], and rules 5 and 7 of the general orders in bankruptcy adopted by the supreme court, the court has the power to allow such amendments, and, that for the purpose of allowing such amendments, where they are uncontested, the register is the court,

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

and has power to allow them on a direct application to him.
[Cited in Re Blaisdell, Case No. 1,488; Re Heller, Id. 6,339.]

2. The co-ordinate power of allowing them rests with the judge; the original amendments permitted to be made should be filed with the clerk; in making them, general orders No. 14 and No. 33 should be observed; and when they are filed, the registers will act on them under general order No. 7 and rule No. 4 of this court in bankruptcy.

In this case the petitioner [Charles A. Morford] applied to the register for leave to amend the schedules to his petition, and the register denied the application, upon the ground and for the reason that the power of ordering amendments to the schedules rested entirely with the court, and that only the judge could allow such amendments. The register certified such question to the court, and stated the points on which the opinion of the court was desired to be these: (1.) Whether registers, to whom causes in bankruptcy are referred by order of the court, may allow amendments to be made to schedules filed with them. (2.) If the registers can allow such amendments, whether such amendments can be made directly before the registers, and certified copies thereof be filed with the clerk; or whether the original amendments permitted to be made should be filed with the clerk, and the registers thereafter receive copies from the clerk, as in the case of the original petition and schedules.

BLATCHFORD, District Judge. By section four of the bankrupt act it is provided, that every register duly appointed and qualified shall have power, and it shall be his duty, to sit in chambers and despatch there such part of the administrative business of the court, and such uncontested matters, as shall be defined in general rules and orders, or as the district judge shall in any particular matter direct. By rule 5 of the general orders in bankruptcy, framed by the justices of the supreme court of the United States in pursuance of the tenth section of the bankrupt act, it is provided that the registers may conduct proceedings in relation to the following matters, when uncontested, namely (among others), ordering amendments of any proceedings. Among the amendments so referred to is unquestionably the amendment of a voluntary bankrupt's schedule of creditors and property, for, by section twenty-six of the act it is provided, that a bankrupt shall be at liberty, from time to time, upon oath, to amend and correct his schedule of creditors and property, so that the same shall conform to the facts; and, by rule 7 of the general orders in bankruptcy, before referred to, it is provided, that the court may allow amendments to be made in the bankrupt's petition and schedules, upon the application of the petitioner, upon proper cause shown, at any time prior to the discharge of the bankrupt.

These provisions apply as well to a case where the petitioner has not yet been adjudged a bankrupt, as to a case where he has. For the purpose of allowing such amendments, when they are uncontested, the register is the court, and has power to allow them on a direct application to him. Of course the co-ordinate power of allowing them in like cases also exists in the judge.

The original amendments permitted to be made should be filed with the clerk, and, in making them, rules 14 and 33 of the general orders in bankruptcy, before referred to, should be observed. When they are so filed, the register will act on them, in conformity with rule 7 of said general orders in bankruptcy and rule 4 of the rules of this court in bankruptcy.